THE BARBIZON CORPORATION *v.* UNITED STATES (No. 5101)*

United States Court of Customs and Patent Appeals, January 16, 1963

*Sharretts, Paley & Carter (Eugene F. Blauvelt*, of counsel) for appellant.
*Joseph D. Guilfoyle*, Acting Assistant Attorney General, *Andrew P. Vance*, Chief, Customs Section (*Mollie Strum* and *Richard H. Welsh*, trial attorneys, of counsel) for the United States.

[Oral argument November 7, 1962, by Mr. Blauvelt and Miss Strum]

Before WORLEY, Chief Judge, and RICH, MARTIN, SMITH, and ALMOND, Associate Judges

SMITH, Judge, delivered the opinion of the court:

The importer, plaintiff below, appeals from the judgment of the United States Customs Court, C.D. 2309, overruling the protest against the classification of the Collector of Customs.

In the case of *Gimbel Bros., Inc.* v. *United States* (CA 5099), 50 CCPA 23, C.A.D. 813, decided concurrently, we held certain nylon girdles, in part lace, to be properly dutiable under the provisions of paragraph 1529(a) of the Tariff Act of 1930, as modified, as classified by the Collector of Customs, rather than under the provisions of paragraph 1529(c) of said Act, as modified, as claimed by plaintiff therein.

*C.A.D. 814.

The case at bar involves substantially the same basic issue, although the collector's classification herein is under a different section of paragraph 1529(a).

 The merchandise at issue consists of certain nylon lace made on a Levers or go-through lace machine of 12 point (full gauge). It was classified as such under the provisions of paragraph 1529(a) of the Tariff Act of 1930 and duty was assessed under said paragraph as modified by T.D. 51802 at the rate of 45 per centum ad valorem. Said lace is claimed to be properly classifiable under paragraph 1558 of the Tariff Act of 1930 as articles manufactured in whole or in part, not specially provided for, and as such dutiable at the rate of 10 per centum ad valorem under said paragraph as modified by T.D. 52739 and T.D. 52827. The applicable paragraphs of the 1930 Act are as follows:

Paragraph 1529(a) as modified by the GATT, T.D. 51802:

Lace (except veils and veilings) made on a Levers (including go-through) lace machine, whether or not embroidered, and however provided for in paragraph 1529(a), Tariff Act of 1930:

\* \* \* \* \* \* \*

Other_____ 45% ad val.

Paragraph 1313, Tariff Act of 1930: [1]

Whenever used in this Act the terms "rayon" and "other synthetic textile" mean the product made by any artificial process from cellulose, a cellulose hydrate, a compound of cellulose, or a mixture containing any of the foregoing, which product is solidified into filaments, fibers, bands, strips, or sheets, whether such products are known as rayon, staple fiber, visca, or cellophane, or as artificial, imitation, or synthetic silk, wool, horsehair, or straw, or by any other name whatsoever.

Paragraph 1558 as modified by the Torquay Protocol to the GATT, 86 Treas. Dec. 121, T.D. 52739 and T.D. 52827, which, insofar as is pertinent, provides as follows:

Articles manufactured, in whole or in part, not specially provided for \* \* \*_____ 10% ad val.

The issue here is whether the merchandise at issue, stipulated to be lace composed of nylon, made on a Levers or go-through lace machine of 12 point (full gauge), is, as such, properly dutiable at the rate of 45 per centum ad valorem under paragraph 1529(a) as modified by T.D. 51802, *supra*, or, as claimed, within the provision of paragraph 1558 of the Tariff Act of 1930 as modified.

The record herein consists of a stipulation which in pertinent part reads:

\* \* \* the merchandise covered by the above enumerated protest assessed for duty at 45% ad valorem under the provisions of Paragraph 1529(a), Tariff Act of 1930, as modified, consists of machine made lace composed wholly of nylon yarns and threads made wholly from nylon filaments and fibers.

---

[1] See footnote 2 in *Gimbel Bros., Inc.* v. *U.S.* (CA 5099), 50 CCPA 23, C.A.D. 813.

\* \* \* that said nylon filaments and fibers were derived by man from non cellulosic materials by chemical processes and were not made from cellulose, a cellulose hydrate, a compound of cellulose, nor from a mixture containing any of the foregoing.

\* \* \* that the imported machine made nylon lace is not similar in the use to which it may be applied to any article enumerated in the dutiable schedule of the Tariff Act of 1930 other than the articles enumerated in Paragraph 1529(a).

For the reasons more fully developed in our concurrent decision in *Gimbel Bros., Inc.* v. *United States, supra,* we here conclude that:

(1) The provision of paragraph 1529(a), *supra,* "\* \* \* composed wholly or in chief value of filaments, yarns and threads \* \* \*" is not limited to natural filaments, yarn, or threads but includes, as well, nylon yarns, threads and filaments.

(2) There is nothing in any previously contested case nor in the legislative history to support appellant's theory that the imported lace is not composed of filaments, yarns, or threads within the meaning of paragraph 1529(a), *supra.*

The judgment is *affirmed.*

MARTIN, J., dissenting.

I disagree with my colleagues for the reasons set forth in my dissenting opinion in *Gimbel Bros., Inc.* v. *United States,* (CA 5099), 50 CCPA 23, C.A.D. 813.